STATE OF MAINE                                    SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                         DOCKET NO. AP-02-38

JOHN REGUERA and
KATHLEEN REGUERA, Indiv. &
on behalf of SCOTT REGUERA,

                                                  DONALD L. GARBRECHT
            Plaintiffs                                 LAW LIBRARY

      v.                          ORDER                NOV 27

MAINE SCHOOL ADMINISTRATIVE
DISTRICT NO. 60 BOARD OF DIRECTORS,
et al.,

            Defendants

      This is a Rule 80B appeal from a decision of the M.S.A.D. 60 Board expelling

Scott Reguera. For reasons stated below, the appeal is Denied.

      There is no dispute that Scott Reguera played at least a supporting role in two

serious and highly disruptive incidents at Noble Middle School: a small fire in a

bathroom of the school, and, two days later, a bomb threat which caused an evacuation.

However, the petitioners argue that the penalty of expulsion was too harsh a sanction,

given Scott Reguera's performance in school otherwise, and may have certain highly

negative collateral consequences in the future. They argue that a recent Federal case,

*Logiodice v. Trustees of Maine Central Institute*, 296 F.3d 2002 (1st Cir. 2002) suggests in

*dicta* that only when serious misconduct is combined with a pattern of incorrigible

behavior should the sanction of expulsion be imposed.

      Accepting that Scott Reguera does not have a history of misconduct, that he was

honest about and remorseful for the conduct at issue and that his parents have

responded appropriately, nevertheless, the legislature has mandated that school boards

shall expel any student who is deliberately disobedient or deliberately disorderly. 20-A M.R.S.A. §1001(9)(A). Here, following a due process hearing, the school board made the requisite findings, which are supported by the record. In essence, Scott Reguera argues that the sanction imposed was disproportionately harsh because, while the misconduct was extremely serious, insufficient consideration was given to his positive qualities. However, by statute the sanction decision rests within the discretion of the school board and only upon a clear showing of abuse could a court intervene. No such showing has been made in this case.

The entry will be:

Appeal Denied.

Dated:        November 2/, 2002

G. Arthur Brennan
Justice, Superior Court

PLAINTIFFS:    Amy McGarry, Esq.
               NADEAU AND MCGARRY
               1332 Post Road   Suite 4A
               Wells  Me 04090

DEFENDANTS:    James Schwellenbach,
               DRUMMOND WOODSUM MCMA
               PO Box 9781
               Portland Me 04104-508

2